State of Rhode Island  
vs. } Eq. No. 2254.  
Ernest Coggeshall, et al.

May 31, 1930.

BAKER, J. Contempt.

This Court issued an ex parte restraining order, the subpoena being served upon the respondents April 29, 1929, upon a sworn bill filed by the complainant acting through its Harbor Commission.

The principal ground of the bill was

that the respondents were committing continued trespasses in certain public waters of the State of Rhode Island in relation to the placing and maintaining of fish traps and frames. This order, which is still in full force, in substance restrained the respondents, their agents and servants, from placing, operating or having to do in any manner with fish traps or parts thereof, as defined by a specified section of the Public Laws of 1928, in the Seal Rock String or Line, so-called, or at any other defined location for which no license had been issued by the Harbor Commission to the said respondents.

On April 23, 1930, the respondents were served with a citation upon petition of the complainant that they be adjudged in contempt of the terms of the said restraining order.

The respondents claimed at the hearing held on this petition that the said restraining order was improvidently issued and that the bill of complaint revealed no ground for equitable jurisdiction, chiefly because it appeared that under the statute giving the Harbor Commission its powers complete and adequate remedies at law were provided.

Very possibly the jurisdiction of the Court is a matter for consideration at any time during the proceedings. However, it is obvious that the point raised by the respondents goes to the fundamental merits of the bill. The question is important and also of considerable difficulty. The authorities appear to be in more or less conflict. Of course equity will not undertake to enforce criminal jurisdiction, but on the other hand there are many cases where equity has given relief when, in addition to the criminal aspect of a situation, property rights of parties and the question of whether or not a situation presents a public nuisance are involved.

Vol. 40 A. L. R., p. 1145, Note.
Vol. 14 R. C. L., p. 379.

After careful consideration the Court is of the opinion that the respondents are not in an advantageous position to ask the Court to fully determine this question at this time. They have permitted the said restraining order to stand unquestioned for practically a year. No answer, plea or demurrer to the bill has been filed by them, although the time for so doing has long since passed. They have filed no motion to vacate said restraining order or to modify its terms. There has been no hearing on the bill, either in connection with the issuing of a preliminary injunction or for a final determination.

With the record in this condition, the Court is of the opinion that the question of jurisdiction now sought to be raised by the respondents on this hearing for contempt should be presented to the Court in some proper or orderly manner, as above indicated, so that any party aggrieved by a decision may have its right of appeal if it should see fit.

On the testimony presented, the Court finds that it is sufficient to show a violation by the respondents on April 21, 1930, of the restraining order in question. This violation consisted in participating in the setting out of certain frames and parts of fish traps contrary to the terms of said order. In the opinion of the Court the testimony is not so clear and definite as to warrant such a finding as to the acts of the respondents on April 17, 1930. The respondents are therefore adjudged in contempt for their acts on said first mentioned date.

The Court is of the opinion, after mature consideration, that this particular occurrence does not merit at this time serious punishment. It appears that under some regulation of the Navy Department all fishing traps in this

locality had to be removed in the latter part of July, 1929, and the respondents contend that they were misled by this situation and did not realize that the restraining order issued last year applied to the setting of traps in the spring of 1930. On the other hand, there are in evidence certain statements of the respondents which, if true, reveal a spirit of lawlessness which is not commendable. They must understand that this Court will not tolerate intentional disregard of its orders. They are now amply warned regarding any continuing or future violation of the restraining order in question as long as it remains in force. Any such violation hereafter will undoubtedly be construed by the Court as wilful and with notice and be punished accordingly. It is incumbent upon the respondents to recognize the authority of the Harbor Commission as delegated to it by the General Assembly. If they desire to test this law they can be advised as to the proper method of so doing. Parties cannot be allowed to determine such questions for themselves according to their own judgment. Orderly ways in which the rights of all interested parties can be protected are provided for the settlement of these matters.

The respondents may be considered purged of contempt by the receipt of the warning herein contained as to their future conduct and by the payment of such costs relating to this hearing for contempt as may be taxed by the clerk of the Court.

For complainant: Attorney General.

For respondent: Moore & Curry. Sheffield & Harvey.